UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
STANLEY HURDUS,

       Plaintiff,                              **COMPLAINT**

vs.

DETECTIVE BRENDAN PAVESE,

       Defendant.

------------------------------------------------x

By and through his counsel, Michael Sussman, Esq., plaintiff hereby states and alleges as his Complaint against defendant:

## I. **PARTIES**

1. Plaintiff Stanley Hurdus is an adult of legal age who resides in the County of Ulster, State of New York.

2. At all times relevant herein, defendant Detective Brendan Pavese was employed by the Town of Fallsburg Police Department within this judicial district; he engaged in the actions related herein under color of state law and while engaged in his employment.

## II. **JURISDICTION**

3. As the events which gives rise to this lawsuit occurred in this judicial district and constitute a violation of the Fourth Amendment to the United States Constitution, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 1343(a) (3) & (4) and 42 U.S.C. secs. 1983 and 1988. 28 section 1367 also provides this court with ancillary jurisdiction over plaintiff's

1

state law claim which arises from the same nucleus of operative facts as does his federal claim.

### III. **STATEMENT OF FACTS**

4. On August 29, 2029, between 3-3:30 p.m., defendant stopped plaintiff on Route 52 in the Town of Fallsburg, County of Sullivan.

5. Defendant walked up to plaintiff's car and spoke with him through the window but did not place plaintiff under arrest or announce any intent to do so. After a few minutes, the defendant walked back to his police vehicle.

6. Having not been arrested or accused of any crime, plaintiff reasonably believed that he was free to go and proceeded to put his vehicle in drive and pulled back onto Route 52.

7. Defendant then got back into his vehicle and stopped plaintiff on Route 52 again.

8. Along with other uniformed police officers, defendant took plaintiff into custody for allegedly fleeing police and for erratic driving at a high rate of speed. Plaintiff was also eventually charged with allegedly using a stolen credit card on a single occasion at a gas station in South Fallsburg, but this matter was not mentioned at the time of his arrest.

9. While ordering plaintiff to get on the ground, Defendant pulled his weapon and pointed it at plaintiff. Plaintiff complied and got on the ground.

Multiple officers surrounded plaintiff and handcuffed him. These officers, along with defendant, began to pummel plaintiff.

10. After handcuffing plaintiff, defendant violently punched him in his face, above his right eye.

11. Defendant punched plaintiff after he had been handcuffed by members of law enforcement.

12. At the time defendant so punched plaintiff, plaintiff was in no way resisting his arrest and he was never so charged.

13. Before defendant so battered plaintiff, he and other members of law enforcement were on top of plaintiff, pummeling him.

14. Plaintiff indicated that he was having a hard time breathing and begged defendant and other unnamed officers to stop their assaultive conduct.

15. In response to these pleas, defendant stated to plaintiff, "It's your fucking heart. Why don't you fuckin' die now?"

16. In fact, before assaulting him as set forth above, defendant knew that plaintiff had heart issues and proceeded to manhandle him with reckless disregard for his well being.

17. As a direct consequence of defendant's blows to his face/eyes, plaintiff has suffered repeated and frequent migraine headaches, which he did not suffer before the incident set forth above.

18. As a direct consequence of defendant's blows to his face/eyes, plaintiff has since suffered blurred and reduced vision in his right eye, conditions he did not suffer before the incident set forth above.

19. As a direct consequence of defendant's aggressive behavior, including the blows to plaintiff's head/face, plaintiff suffered a heart attack on August 29, 2019 and was caused to be hospitalized for six days.

20. Upon taking plaintiff to the Town of Fallsburg Police Department, emergency medical responders transported plaintiff directly to Harris Hospital where he remained for one day before his transfer to a larger medical facility where he remained for six additional days.

21. As a direct consequence of the excessive force defendant used against him, plaintiff experienced immediate physical pain and mental anguish.

22. As a direct consequence of the excessive force defendant used against him, plaintiff experienced ongoing physical pain and mental anguish which has continued since August 29, 2019.

23. As a direct consequence of the excessive force defendant used against him, plaintiff will predictably experience ongoing physical pain and mental anguish in the future.

24. No legitimate law enforcement basis existed for defendant's use of force, let alone excessive force, against plaintiff after he was handcuffed.

25. By August 29, 2019, it was clearly established that a police officer could not use force against a handcuffed person who, like plaintiff, was not resisting being placed into police custody or failing to comply with lawful police directives.

IV. **CAUSES OF ACTION**

26. Plaintiff incorporates paras. 1-25 as if fully set forth herein.

27. By subjecting plaintiff to excessive force as set forth above, defendant Pavese violated the rights of plaintiff as protected by the Fourth Amendment to the United States Constitution as made actionable by and pursuant to 42 U.S.C. section 1983.

28. By beating plaintiff as alleged above, defendant committed the tort of assault and battery upon plaintiff and this court has pendent jurisdiction over that claim which arises from the same facts as his federal claim.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction in this matter, empanel a jury to hear and determine all issues within its purview, award to plaintiff and against defendant the sum of $450,000 in compensatory damages and the sum of $600,000 in punitive damages, order defendant to compensate plaintiff for the reasonably-incurred attorneys' fees and litigation costs incurred in prosecuting this matter and enter any other relief which the interests of justice and equity warrant.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & ASSOCIATES
1 Railroad Avenue, Ste. 3
PO BOX 1005
GOSHEN, NEW YORK (845)-294-3991

Counsel for Plaintiff

Dated: June 2, 2020